UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| JACQUELINE SNAZA and<br>WAYNE SNAZA, et al., | * * * | 09-mc-150 |
| Plaintiffs, | * * | |
| vs. | * * | ORDER ON MOTION |
| STUDENT CITY.COM, INC., et al., | * * | |
| Defendants. | * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending is a motion to quash a subpoena and for Protective Order (Doc. 1).[1]

**JURISDICTION**

The pending Motion was referred to the Magistrate Judge pursuant to Judge Schreier's Order of Referral dated December 31, 2009 (Doc. 11) and pursuant to 28 U.S.C. § 636(b)(1)(A) and Judge Piersol's Standing Order dated November 29, 2006. A new Standing Order was filed by Chief Judge Karen Schreier on March 18, 2010.

**BACKGROUND**

StudentCity served a subpoena on Gregory P. Grajczyk commanding him to testify at a deposition in the captioned case. The subpoena commanded production of:

> 1. All documents that refer or relate, in whole or in part, to the death of Duane Snaza on March 6, 2005 including, without limitation, documents reflecting communications with (a) Jacqueline and Wayne Snaza; (b) U.S. Consular authorities;

---

[1]Document 1 in the Prayer for relief requests "that the Subpoena be quashed and the Court enter an order of protection." The motion has been docketed as both a motion to quash and a motion for Protective Order.

and (c) Mexican governmental authorities relating to the repatriation of Duane Snaza's body to the U.S.

2. All non-privileged documents that refer or relate, in whole or in part, to Duane Snaza's DUI conviction in December 2004.

Gregory Grajczyk moved to quash the subpoena. He stated he is a licensed lawyer practicing in South Dakota. He has represented Jacqueline and Wayne Snaza over the years and in this case. He represented Duane Snaza regarding the DUI charge mentioned in the subpoena. Gregory Grajczyk is the brother of Jacqueline Snaza and uncle of the deceased Duane Snaza. His name does not appear on pleadings in captioned case. He attended the depositions of Jacqueline and Wayne Snaza in this case. In his motion to quash he asserted the attorney/client privilege under SDCL 19-13-3. In his supporting brief he asserted the work product doctrine as well. Gregory Grajczyk represents that "any information sought by Defendants, that would not be privileged has been provided by Plaintiffs as part of the discovery in the pending matter, or is easily obtainable from the governmental agents or courts conducting the various proceedings."

StudentCity, without citing any precedent, argues that Gregory Grajczyk acted as a family member as distinguished from an attorney; that the attorney/client privilege was waived when Jacqueline and Wayne Snaza answered certain questions at their depositions; and that the fact of Gregory Grajczyk's representation and the 90 day no alcohol condition attached to Duane Snaza's sentence are not covered by the attorney/client privilege. StudentCity asserts "it is simply improper to seek to prevent a deposition from occurring in its entirety merely because some questioning may impact upon a privilege."

## ANALYSIS

**Case Law.**

The person claiming the attorney/client privilege carries the burden to establish all elements necessary to invoke the privilege. *State v. Rickabough,* 361 N.W.2d 623 (SD 1985). The burden of establishing waiver of the lawyer/client privilege is on the party asserting the waiver. *State v. Catch the Bear*, 352 N.W.2d 640 (SD 1984). Protection afforded by the work product doctrine is broader than that created by the attorney/client privilege. *Kaarup v. St. Paul Fire and Marine Ins. Co.*, 436 N.W. 2d 17 (SD 1989). A client is not required to be a party to a lawsuit in order to claim a lawyer/client privilege. *Catch the Bear*, 352 N.W.2d 640 . The elements of the privilege are: a client, a confidential communication; the communication was made to facilitate the rendition of professional legal services to the client; and the communication was made in one of five statutorily enumerated relationships. SDCL 19-13-3 and *Rickabaugh*, 361 N.W.2d 623. Ordinarily, private communications and the work product of an attorney are confidential communications not subject to discovery by the opposition. *Knecht v. Weber* 640 N.W.2d 691 (SD 2002).

**Subpoena Item 1(a).**

Item 1(a) of the subpoena identifies documents reflecting communications with Jacqueline and Wayne Snaza. Gregory Grajczyk has represented to the court that he has represented Jacqueline and Wayne Snaza over the years and in this case. As an officer of the court, his representation is believed and accepted. A lawyer can represent persons in matters relating to litigation despite the absence of his name on the litigation pleadings. It is not uncommon for lawyers who are relatives of parties to litigation to provide legal assistance to their relatives in the background. No precedent

has been provided by StudentCity to support a different conclusion. Gregory Grajczyk's representations to the court have established the presence of the four elements of the privilege. Particularly, he represents that he has been a lawyer for the Snazas over the years and is acting as a lawyer for them in this case. Communications between Gregory Grajczyk and all three Snaza's are covered by the attorney/client privilege. Item 1(a) of the subpoena should be quashed.

**Subpoena Item 1(b) & (c) and Item 2.**

Items 1(b) & (c) and 2 of the subpoena are:

> . . . documents reflecting communications with . . . (b) U.S. Consular authorities; and (c) Mexican governmental authorities relating to the repatriation of Duane Snaza's body to the U.S.
>
> 2. All non-privileged documents that refer or relate, in whole or in part, to Duane Snaza's DUI conviction in December 2004.

Gregory Grajczyk has represented that "any information sought by Defendants, that would not be privileged has been provided by Plaintiffs as part of the discovery in the pending matter, or is easily obtainable from the governmental agents or courts conducting the various proceedings." By inference it is concluded that Gregory Grajczyk has represented that everything which has not been provided to the defense is privileged, i.e. covered by the work product doctrine. Federal Rule of Civil Procedure 26(b)(3)(A) provides:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party . . . .

Rule 26(b)(5)(A) provides:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the

4

> documents, communications, or tangible things not produced or disclosed— and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

SDCL 19-1-3 provides that an attorney shall not participate in a trial for his client whenever the attorney is a witness, except as to merely formal matters. Here Gregory Grajczyk represents the Snazas in matters relevant to the litigation, but he is not an attorney listed on the pleadings. He attended at least two depositions in the case. He could be disqualified from participating in the trial if he testifies at a deposition.

Items 1(b) & (c) and 2 of the subpoena have been objected to by Gregory Grajczyk on the basis of work product. Gregory Grajczyk by inference has informed the court and the defense that the items covered by 1(b) &(c) of the subpoena are protected matters because they are under the umbrella of 26(b)(3)(A) documents and tangible things that are prepared in anticipation of litigation or for trial. Gregory Grajczyk has complied with the requirement of Rule 26(b)(5)(A)(i) that he expressly make the claim of privilege. He has not complied with the requirement of Rule 26(b)(5)(A)(ii) that he describe the nature of the things to which he objects about disclosing. The defense has not carried its burden to establish that Jacqueline or Wayne Snaza waived the attorney/client privilege about the subjects described in 1(a), (b) or (c). The testimony referenced by the defense (1) goes to the issue about family help or lawyer help from Gregory Grajczyk, and (2) addresses fact information about the death of Duane Snaza learned by Gregory Grajczyk and told by him to Jacqueline and Wayne Snaza. Their testimony about this general and limited fact information is not specific or extensive enough to constitute waiver of the attorney/client privilege for matters covered by SDCL 19-13-3. Likewise, the testimony does not constitute waiver of the work product doctrine for matters beyond that disclosed by the testimony.

Finally, Gregory Grajczyk objects that the documents and information can be obtained by other means from other sources than him. Rule 26(b)(3)(A)(ii) provides that trial materials not ordinarily discoverable can become subject to discovery if the seeking party shows it has substantial need for the materials to prepare its case and cannot without undue hardship obtain their substantial equivalent by other means. StudentCity suggests it cannot secure items 1(b) & (c) of the subpoena because the witnesses are in a foreign country and not subject to subpoena. This argument has not been vigorously pursued by the defense and remains available to them in the future under Rule 26(b)(3)(A)(ii). Regarding Item 2 of the subpoena, it is apparent the documents and information can be obtained from persons and sources other than Duane Snaza's lawyer.

## ORDER

Accordingly, it is hereby

ORDERED that:

1. The Motion to Quash is GRANTED and the subpoena is quashed.
2. Gregory Grajczyk shall comply with Rule 26(b)(5)(A)(ii) by describing the nature of the things addressed in items 1(b) & (c) of the subpoena to which he objects about disclosing.

Dated March 23, 2010.

BY THE COURT:

s/John E. Simko
_____
John E. Simko
United States Magistrate Judge